JESS F. WALKER, APPELLEE, V. RUBY L. WALKER, APPELLANT.
227 N. W. 2d 878

Filed April 17, 1975. No. 39599.

McGinley, Lane, Mueller, Shanahan & McQuillan and John A. Gale, for appellant.

Padley & Dudden, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The respondent wife, Ruby, appeals from a divorce decree, and her chief complaints are the insufficiency of the open-end alimony award of $100 a month for 6 months, and $50 per month thereafter until further order of the court, and that part of the property division granting the husband their home property subject to her life estate. We affirm the decree of the District Court as modified.

The parties are in their late forties, are childless, have been married 13 years, and the wife presently is in poor health. The petitioner, Jess, is a livestock trucker and the bulk of the assets are the capital and operating equipment of that business. They own a home which is worth about $17,500, subject to mortgage indebtedness of about $4,500. There is no serious dispute as to the court's finding that their net worth is about $24,000.

Jess' business assets have a net worth of only $10,000, the equipment being mortgaged. His net income is about $14,000 per year. She makes $600 to $1,000 per year.

The principal difficulty is the home. The mortgage payments are about $100 per month, with only $4,500 due on the mortgage. The home is large and there is testimony that it will produce a rental income of $125 per month in addition to furnishing Ruby a home. But, under the District Court's decree, the expenses, maintenance, insurance, etc., fall on Ruby during the period of her life estate and Jess retains remainder ownership paying only the mortgage payments on the $4,500 balance. Ruby has the burden of managing and renting the rooms in the home and her present health is poor and its future uncertain. Ruby asserts that awards of property jointly to divorced parties requiring divided management and financial control are not generally commended. See, Schwarck v. Schwarck, 175 Neb. 560, 122 N. W. 2d 489; Upah v. Upah, 175 Neb. 606, 122 N. W. 2d 507; Wetzel v. Wetzel, 35 Wis. 2d 103, 150 N. W. 2d 482; Dorfman v. Dorfman, 457 S. W. 2d 417 (Tex. Civ. App., 1970). We agree. This is particularly true here because the management and maintenance responsibilities in the court's scheme fall on a woman who is in poor health. Consequently we direct that the property be sold, either by agreement of the parties within 90 days of judgment on the mandate, or if the parties cannot agree, that it be sold at public auction under supervision of the District Court. The net proceeds shall be divided equally.

Ruby asserts that the alimony of $100 per month for 6 months and $50 a month thereafter, open-ended, is insufficient. Due to Ruby's present health her capacity to earn is uncertain. Her health may improve and she may be capable of supporting herself. The District Court wisely retained jurisdiction to review the matter. It is apparent that Ruby needs sufficient funds to withstand

the impact of the dissolution of marriage, combined with her condition of health, and that Jess should contribute a reasonable monthly sum during her rehabilitation. He is able to do so. Considering the traditional standards governing awards of alimony (§ 42-365, R. R. S. 1943, Albrecht v. Albrecht, 190 Neb. 392, 208 N. W. 2d 669), Ruby is awarded alimony in the sum of $200 per month for a period of 1 year, and $100 a month thereafter, subject to the further order of the District Court. An attorney's fee of $500 is allowed to Ruby for services of her attorney in this court.

Except as herein modified, the decree of the District Court is affirmed.

AFFIRMED AS MODIFIED.