JIM L. ESSEX, APPELLANT, V. SYNTHA E. ESSEX, APPELLEE.
238 N. W. 2d 235

Filed February 5, 1976. No. 40163.

Guinan & Kolenda, for appellant.

Harry H. Foulks, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.
This case is an appeal from a divorce decree. The

appellant originally brought the action, seeking a dissolution of his marriage to the appellee. In his pleadings, the appellant asked for a property division and for alimony. Both parties testified to the irretrievable breakdown of the marriage, and there was no dispute over custody of the minor children. The District Court found the marriage irretrievably broken and dissolved it. Custody of the minor children was given to the appellee, and the appellant was directed to pay child support and to maintain health insurance policies for the benefit of the minor children during their minority. The household goods and an automobile were awarded to the appellee. The parties were awarded their respective personal belongings and were directed to pay their own costs and fees. Neither party was awarded alimony. We affirm the decree of the District Court.

At trial, the appellant sought to show that the corpus of various trusts, established by the maternal grandparents of the children for the benefit of the appellee during her life and for the children, was greatly increased via his efforts in obtaining a premium sale price on stock held by the creators of the trusts. The appellant contends that this testimony should have been received because it had a direct bearing upon the final property division. The appellant apparently feels that since the trust benefits the appellee and the children, he should be compensated for his efforts in enhancing it by a greater award of property than he ultimately received or by alimony. The District Court divided the marital assets, assets which either party or both had title to, and did not regard the trusts as marital assets to be included when determining the division of property. The appellant's offer of proof was refused on grounds of irrelevancy.

In a dissolution of a marriage, a division of property is a division of property owned by the parties - marital assets. Bliven v. Bliven, 190 Neb. 492, 209 N. W. 2d 168 (1973). Assets held in trusts, established by third per-

sons, for the benefit of one of the spouses or the children are not marital assets, even though under some circumstances an indigent spouse may reach them to satisfy a support obligation. See, e.g., In re Will of Sullivan, 144 Neb. 36, 12 N. W. 2d 148 (1943). The District Court was correct in refusing to accept the testimony offered by the appellant.

The appellant also finds error in the District Court's failure to award him alimony. Under section 42-365, R. S. Supp., 1974, a court may, upon dissolution of a marriage, order payment of such alimony by one party to the other as may be reasonable, having regard for the circumstances of the parties, the duration of marriage, and the ability of the supported party to engage in gainful employment. Walker v. Walker, 193 Neb. 540, 227 N. W. 2d 878 (1975). One of the primary reasons for an award of alimony is support. Corn v. Corn, 190 Neb. 383, 208 N. W. 2d 678 (1973). The record discloses that the appellant is 45 years old, in good health, holds degrees from the University of Omaha and Illinois Tech in Chicago, has been continuously employed since his graduation in 1954, and is currently employed in Ames, Iowa, by a large corporation as a senior project engineer earning $1,649 per month gross pay. The appellant shows no need for alimony and we cannot find error in the District Court's refusal to award the appellant alimony.

"The rule in this state is that the fixing of alimony or distribution of property rests in the sound discretion of the District Court, and, in the absence of an abuse of discretion will not be disturbed on appeal." Olson v. Olson, *ante* p. 8, 236 N. W. 2d 618 (1975). We find no abuse of discretion in this case.

The decree of the District Court is correct and is affirmed.

AFFIRMED.