■ CHARLES M. WARD, Respondent, v DOLORES J. WARD, Appellant. — Judgment unanimously modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: Defendant wife was granted a judgment of divorce on her counterclaim alleging cruel and inhuman treatment. Her appeal relates only to the distribution of marital property. ¶ The parties were married on June 22, 1957. Plaintiff has been a fire fighter for the City of Syracuse since August 14, 1959. Defendant has been employed by the United States Veterans Administration since 1974 but the date she commenced such employment is not revealed in the record. Both parties are members of pension systems and the trial court properly found that the pensions are marital property (*Majauskas v Majauskas*, 61 NY2d 481). The court declined, however, to award to either party an equitable share of the other's pension. ¶ We agree with the trial court's implicit determination that the marriage was one of equal economic partnership. Since plaintiff's future entitlement to pension benefits is much greater than defendant's, the trial court's disposition of the pension benefits is not equitable. It does not appear to be feasible, however, to direct a lump-sum award, and thus we modify the judgment by applying to both pensions the formula adopted by this court in *Majauskas v Majauskas* (94 AD2d 494, affd 61 NY2d 481, *supra*). Given the nature of each party's economic contribution to the marriage, and on consideration of the other circumstances presented, we conclude that upon plaintiff's retirement, defendant is entitled to receive as her equitable share one half of that part of plaintiff's monthly benefits, less taxes, determined by multiplying such benefits by the fractions whose numerator is the number of months of his service with the Syracuse Fire Department until the commencement of the action and whose denominator shall be the total number of months of credited serve in the retirement system upon his retirement. The record does not disclose the exact month that defendant commenced her employment with the Veterans Administration, but in similar fashion, plaintiff is entitled to receive, upon defendant's retirement, one half of that part of defendant's monthly benefits, less taxes, determined by multiplying such benefits by the fraction

whose numerator is the number of months of her service with the Veterans Administration until the commencement of the action and whose denominator shall be the total number of months she shall have spent in her retirement system upon her retirement. ¶ We also agree with the trial court's determination that the benefits which defendant receives for a military service-connected disability are in the nature of compensation for personal injuries (see *Matter of Kittleson,* 21 Wn App 344; *Matter of Stenquist,* 21 Cal 3d 779) and are thus separate property (Domestic Relations Law, § 236, part B, subd 1, par d, cl [2]). ¶ Except as modified herein, the judgment is affirmed. It is necessary, however, in order to facilitate its implementation, to remit the matter for proof and findings as to the number and value of series E savings bonds held by defendant but distributed equally to the parties. Also to be established is the date on which defendant commenced her employment with the Veterans Administration. (Appeal from judgment of Supreme Court, Onondaga County, Miller, J. — divorce.) Present — Dillon, P. J., Hancock, Jr., Callahan, O'Donnell and Moule, JJ.