JAMES E. ROCKWOOD, APPELLEE, v. ARLINE S. ROCKWOOD, APPELLANT.

360 N.W.2d 497

Filed January 4, 1985.   No. 83-773.

Thomas R. Wolff, for appellant.

Michael N. Schirber of Schirber Law Offices, P.C., for appellee.

KRIVOSHA, C.J., WHITE, and SHANAHAN, JJ., and McCOWN, J., Retired, and BUCKLEY, D.J.

McCOWN, J., Retired.

This is a dissolution of marriage proceeding in which the wife has appealed from that portion of the decree making a division of the marital property. Appellant contends that the failure of the trial court to award her a portion of appellee's military pension was unreasonable and an abuse of discretion. We

affirm the decree of the district court.

The parties were married on November 21, 1973. The husband is a member of the U.S. Air Force, with approximately 15 years of military service. He has been stationed at Offutt Air Force Base near Omaha, Nebraska, for approximately 5 years. The wife is a civilian employee at Offutt. No children were born of the marriage. Decree of dissolution was entered September 9, 1983.

The district court awarded appellant her own civil service pension to which she had contributed approximately $4,000, savings accounts and other property valued at approximately $5,000, alimony for 6 months in the total amount of $2,250, and the family home with a net value of slightly more than $15,000. Appellee received savings accounts and other property worth approximately $15,000, and his military pension, and was ordered to pay $500 attorney fees and costs and reimburse his wife approximately $500 for certain expenses.

The division of property in marriage dissolution cases is a matter initially entrusted to the sound discretion of the trial judge, which will be reviewed on appeal de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion. *Ford v. Ford, ante* p. 13, 360 N.W.2d 495 (1985); *Guggenmos v. Guggenmos*, 218 Neb. 746, 359 N.W.2d 87 (1984). While there is no precise mathematical formula to be used in determining the fairness of a property division, " ' "[g]enerally speaking, awards in cases of this kind vary from one-third to one-half of the value of the property involved depending upon the facts and circumstances of the particular case." ' " *Martin v. Martin*, 215 Neb. 508, 510, 339 N.W.2d 754, 756 (1983).

Neb. Rev. Stat. § 42-366 (Reissue 1984) requires that the trial court include pension and retirement plans in the marital estate. In this case the district court specifically awarded the entire value of the house to the wife "in lieu of any interest of Respondent in Petitioner's military service pension or retirement benefits . . . ."

It appears from the record that the pension will not vest until the husband completes 20 years of military service, which could not occur for approximately 5 more years. If the pension vested

then, it would pay approximately $625 per month for the balance of the husband's lifetime only. The appellant values this pension at $234,000 and argues that 50 percent of that value should be included in the marital estate and one-fourth of the pension assigned to the wife.

There is no evidence in the record as to the present value of the husband's pension, nor is there any testimony that it cannot be valued. The wife's pension was valued at the $4,000 she had contributed, although the evidence showed that the employer was also responsible for additional contributions. It is quite obvious that the value of the military pension under any appropriate method of valuation would be only a very small fraction of the amount claimed by the appellant.

Section 42-366 requires the court to include any pension and retirement plans in the marital estate. It does not require each pension to be divided between the parties, nor does it require any specific method of valuation. Indeed, it is obvious that in many cases where husbands and wives each have pensions, the most practical solution may well be to assign each pension to its primary owner and make any necessary adjustments in the property division with property other than the pensions.

We reaffirm our holding that the trial court retains broad discretion in valuing pension rights and in dividing such rights between the parties. *Kullbom v. Kullbom*, 209 Neb. 145, 306 N.W.2d 844 (1981).

The ultimate test for division of marital property is one of reasonableness. *Burger v. Burger*, 215 Neb. 699, 340 N.W.2d 400 (1983). The property division made by the district court in this case was in all respects fair and reasonable and should be affirmed.

The appellant's contention that the alimony award should be increased to provide for expenses for the support of her children by a former marriage is without merit.

AFFIRMED.