VERNETTA MAE MARICLE, APPELLEE, V. CHIP LEROY
MARICLE, APPELLANT.

378 N.W.2d 855

Filed December 27, 1985.   No. 84-893.

David L. Herzog, P.C., for appellant.

Larry D. Bird, for appellee.

BOSLAUGH, HASTINGS, and GRANT, JJ., and BRODKEY, J.,
Retired, and RIST, D.J.

PER CURIAM.

This is an appeal in a proceeding for the dissolution of a
marriage. The petitioner, Vernetta Mae Maricle, and the
respondent, Chip LeRoy Maricle, were married in 1968. Both
parties were attending college at the time and brought few assets
into the marriage. The respondent received a degree in
agronomy and entered the Air Force. The petitioner received a
degree in dietetics but did not complete the required internship
at that time. Two children were born of the marriage; Renae in
1975 and Brian in 1978.

On August 2, 1979, the respondent was injured in a truck
collision that left him permanently and totally disabled. He was
then 32 years of age. In actions for damages arising out of the
accident, the parties received a $300,000 settlement. After
attorney fees, this sum was divided so that the petitioner
received 20-some thousand dollars for loss of consortium and
the respondent received the balance. The respondent's mother
has been appointed as conservator for the respondent. At the

time of trial the respondent was living with and being cared for by his parents.

The trial court found that the marriage was irretrievably broken and awarded custody of the two minor children to the petitioner. The petitioner was awarded child support of $200 per month per child until the children reach majority, die, or are emancipated, and alimony in the amount of $200 per month for 12 months, and then $100 per month for 48 months.

The petitioner was awarded the residence of the parties, appraised at $65,000, the household goods, a 1979 Oldsmobile automobile, and miscellaneous other personal property, so that she received approximately 36 percent of the total marital estate. The respondent received the farm machinery and equipment and the balance of the property consisting largely of his share of the proceeds from the settlement of the damage actions.

The respondent has appealed and contends that the trial court erred in the award of child support and alimony and in finding that the proceeds from the settlement of the damage actions were a part of the marital estate.

We review the case de novo on the record and reach independent conclusions without reference to the conclusions reached by the trial judge. However, where the evidence is in conflict, this court gives weight to the fact that the trial court observed the witnesses and accepted one version of facts over another. *Guggenmos v. Guggenmos*, 218 Neb. 746, 359 N.W.2d 87 (1984); *Edmunds v. Edwards*, 205 Neb. 255, 287 N.W.2d 420 (1980). Awards of alimony and child support will not be disturbed on appeal unless the record establishes that the trial court abused its discretion. *Cagle v. Cagle*, 205 Neb. 747, 290 N.W.2d 192 (1980).

The respondent contends that the funds now held in trust by the conservator for his benefit are not part of the marital estate, and since he has no earning capacity, the order that he pay child support and alimony was in error. He also contends that since appellee has a college degree and is employable, she should be compelled to get a job, pay alimony to him, contribute more to the support of the children, and support herself.

The ultimate test for the division of property as well as an

award of alimony is reasonableness as determined by the facts of each case. *Sonntag v. Sonntag*, 219 Neb. 583, 365 N.W.2d 411 (1985); Neb. Rev. Stat. § 42-365 (Reissue 1984).

In determining what assets constitute the marital estate and how the property should be divided, Nebraska, by statute, is an equitable property jurisdiction. § 42-365. Although there are marked differences in the treatment of proceeds from personal injury recoveries, many equitable property jurisdictions consider that the proceeds are part of the marital estate. See 24 Am. Jur. 2d *Divorce and Separation* § 913 (1983). In a case involving similar facts, the Illinois Appellate Court reasoned that since the husband, as a result of his personal injury, was unable to work and therefore satisfy his obligation of support, the settlement would to some extent enable him to provide for his family as he had done prior to his injury. Therefore, the court found that the settlement was part of the marital estate and should be considered in the division of property. *In re Marriage of Gan*, 83 Ill. App. 3d 265, 404 N.E.2d 306 (1980).

In the present case equity requires that the proceeds from the settlement of the damage actions be included in the marital estate. The proceeds were not acquired by gift or inheritance, *Van Newkirk v. Van Newkirk*, 212 Neb. 730, 325 N.W.2d 832 (1982), nor were they assets held in a trust established by a third person, thereby rendering them not a part of the marital estate, *Essex v. Essex*, 195 Neb. 385, 238 N.W.2d 235 (1976). Furthermore, the proceeds from the settlement constitute the main asset and the primary source of income of the parties.

The respondent has a monthly income of around $2,264, of which $1,209 is interest on his share of the proceeds of the settlement. The petitioner receives $161 per month in interest on her share of the proceeds, which is approximately one-half of her total monthly income. Under the facts and the circumstances of this case, we conclude that the proceeds should equitably be included in the marital estate.

The economic circumstances of the parties support the award of child support. In *Lainson v. Lainson*, 219 Neb. 170, 362 N.W.2d 53 (1985), we approved an award of child support to be paid by a father who was a totally disabled quadriplegic. The opinion states at 174-75, 362 N.W.2d at 56-57:

We agree with the trial court that, under the evidence presented at the hearing, Roger is not at this time capable of earning a wage but that he does have earning capacity within the meaning of § 42-364(3). Obviously, different cases may present different facts with regard to the wage-earning capacity of a person disabled as Roger is. The statute in question, however, does not limit child support payments to be paid only from wages. Section 42-364(3) states in part that "[i]n determining the amount of child support to be paid by a parent, the court shall consider the earning capacity of each parent." It has been the law of this state for many years that, as stated in *Brus v. Brus*, 203 Neb. 161, 164-65, 277 N.W.2d 683, 686 (1979), "[i]n determining the amount of child support to be awarded, the status, character, and situation of the parties and attendant circumstances must be considered. The financial position of the husband as well as the estimated costs of support of the children must be taken into account . . . ." That statement should be broadened to include that the circumstances referred to should be consideration of the financial condition of the parent making the child support payments. See, also, *Lockwood v. Lockwood*, 205 Neb. 818, 290 N.W.2d 636 (1980); *Lynch v. Lynch*, 195 Neb. 804, 241 N.W.2d 123 (1976); *Hermance v. Hermance*, 194 Neb. 720, 235 N.W.2d 231 (1975). "Earning capacity" as used in § 42-364(3) means the overall capability of a parent to make child support payments based on the overall situation of the parent making such payments. That overall situation includes moneys available to the parent from all sources, including investment income. The trial court properly determined the amount of child support by taking into consideration the status, character, and situation of the parties and attendant circumstances, including the financial condition of the party making the payments and estimated costs of support of the children.

Neb. Rev. Stat. § 30-2654(3) (Reissue 1979) provides that a conservator "may expend funds of the estate for the support of persons legally dependent on the protected person and others

who are members of the protected person's household who are unable to support themselves, and who are in need of support."

The respondent in this case was awarded the main income-producing asset of the parties. Given his present income and expense, the $400-per-month child support payment can be paid from income. The children's monthly expenses, as testified to by petitioner, are approximately $770. The child support payments and the $426 received monthly from Social Security will adequately meet the necessary expenses of the children.

In determining whether alimony should be awarded, in what amount, and over what period of time, the ultimate criterion is one of reasonableness, taking into consideration all of the circumstances of the parties as well as the duration of the marriage and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children of the parties in the supported party's custody. § 42-365; *Gleason v. Gleason*, 218 Neb. 629, 357 N.W.2d 465 (1984).

As we view the record, the award of alimony which was made in this case was not an abuse of discretion. Although the petitioner is 39 years of age and in good health, she has not been able to find substantial employment. At the time of trial she was doing part-time bookkeeping at home, for which she was paid $50 per month.

In order to be qualified to work in the field in which she was educated, it will be necessary for her to complete some future schooling. The award of alimony, which is minimal and for only a limited time, will assist her in making the transition from her former life and, perhaps, enable her to make a substantial increase in her earning capacity.

The record shows that the petitioner made a substantial contribution to the marriage from funds and property received from her parents. The alimony will, to some extent, equalize the division of property without placing an undue burden upon the respondent.

The judgment of the district court is affirmed. Each party shall pay his or her own costs.

AFFIRMED.