OPINION OF THE COURT
Joseph J. Sedita, J.
A primary issue raised on this motion for temporary relief is whether or not this defendant’s veterans’ disability pension is subject to either distribution as marital property, or as income which may be considered in determining a maintenance award (temporary or permanent).
These parties have been married for over 47 years. They are both over 70 years old and are retired. Their marital assets *495 include cash accounts totaling about $100,000, two automobiles, and the marital furnishings. The income of these parties include Social Security payments of $302 per month to the plaintiff, $640 per month Social Security to the defendant, and $1,494 per month to the defendant as his disability pension.
The law, we feel, is clear that a true "disability” pension is separate property and is exempt from any distribution (see, Ward v Ward, 101 AD2d 1006). Newell v Newell (121 Misc 2d 586) can be distinguished in that the court construed a pension which was a "hybrid” combining a "disability” element and a "retirement” element. The facts of our case, as we understand them, indicate that this veterans’ pension is purely compensation for pain and injuries suffered by the defendant. Defendant’s right to these moneys is not a result of any effort by the plaintiff, but arose out of an unfortunate accident of war. It is the separate property of the defendant.
Having determined that the pension is not subject to equitable distribution as marital property, we must now determine whether it may be considered in determining maintenance. The law clearly requires the court to consider "income and property” of the parties together with their needs in determining an appropriate level of maintenance. As noted previously, this was a long-term marriage and both parties are over 70 years old. As noted previously, the defendant’s veterans’ pension is his separate property for purposes of the equitable distribution portion of the statute. The maintenance portion of the statute, however, requires the court to consider the "income and property” possessed by the parties without any express or implied exclusion of separate property in determining a maintenance award.
The court can, I believe, safely conclude that these parties will not be starting new careers or establishing new sources of income. The income sources and property of these parties are well established. A recent change in the law requires the court to consider the standard of living the parties enjoyed during the marriage (factor "6”). Clearly, the moneys generated by the defendant’s veterans’ pension was a major factor in the living standard of these parties. If the defendant’s veterans’ pension were not considered in determining maintenance, the plaintiff would be relegated to her own Social Security plus a possible share of the defendant’s Social Security. Under this scenario, the defendant would be put in a clearly superior economic situation given the substantial sum provided each month by his veterans’ pension.
*496 The most logical way to satisfy both the letter and spirit of the law in this extremely long-term marriage is to require the defendant to contribute a sufficient amount to the plaintiff to equalize the income available to each party. We are well aware that the statute does not require equalization. Our conclusion is simply that this is the only way to provide both parties with the ability to try to continue their present standard of living. The other assets, once divided, will not be so substantial that either party should be required to use their share to maintain themselves. If the defendant fails to pay pursuant to this temporary order, the plaintiff will have available all appropriate enforcement remedies.
A final determination of the maintenance and property distribution issues may only be resolved by a settlement between the parties or by a full trial. Until settlement or trial, each party should be responsible for contributing an equal amount to pay legitimate marital expenses. The marital estate should not be dissipated by either party except by court order.
Accordingly, a temporary order should be granted giving plaintiff one half the available income of the parties. Plaintiffs counsel should be awarded $750 as temporary counsel fees which should be paid out of joint liquid assets of the marriage.
Submit order on notice to opposing counsel and schedule for trial at the soonest available date.