MARILYN F. MELLOR, APPELLANT, V. TIMOTHY G. MELLOR, APPELLEE.
455 N.W.2d 177

Filed May 18, 1990. No. 88-616.

Sally Millett Rau for appellant.

Steven J. Lustgarten and Michael B. Lustgarten, of Lustgarten & Roberts, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Petitioner-appellant wife filed for dissolution of marriage on October 1, 1987. After hearing, a decree of dissolution was entered on June 30, 1988. Petitioner timely appealed. The decree provided for dissolution of the 20-year marriage of the parties, awarded custody of the two minor children of the parties to respondent pursuant to the agreement of the parties (another child was emancipated and attending college), required petitioner to pay child support, did not award alimony to either party, required petitioner to repay her student loans, required respondent to pay certain bills including a portion of the emancipated child's college bills, provided for a distribution of the marital assets, and provided that each party should pay the costs and fees such party had incurred.

In this court, petitioner assigns as error only that the trial court erred in the division of property and in failing to include any portion of respondent's retirement plan in the marital estate divided by the court. We affirm.

We have held that the division of the marital estate is initially left to the discretion of the trial court and will be reviewed by this court de novo on the record and affirmed absent an abuse of discretion. *Seemann v. Seemann,* 225 Neb. 116, 402 N.W.2d 883 (1987).

The evidence shows that during the marriage, petitioner obtained a degree in general studies from the University of Nebraska at Omaha, a 3-year nursing degree from Methodist School of Nursing, and a medical degree from the University of Nebraska Medical Center in June 1988. On July 1, 1988, petitioner was to begin her residency program at the Mayo Clinic. Testimony showed that when petitioner completed her residency her salary would exceed that earned by respondent after 20 years of employment.

Respondent had been employed by an insurance company for the 18 years preceding the dissolution.

Our de novo review shows the marital division of the property was equitable, and it is affirmed. In connection with respondent's pension plan, evidence was adduced showing that as of July 1, 1988, respondent would be entitled to a pension payment of $707.97, beginning October 1, 2012. If respondent retired earlier, at age 55, his pension would be $353.99.

In view of the gross disparate future earning potential of each of the parties, we cannot say the trial court abused its discretion in not awarding petitioner, in this case, any part of respondent's modest retirement plan. As stated in *Rockwood v. Rockwood*, 219 Neb. 21, 23, 360 N.W.2d 497, 499 (1985), "[s]ection 42-366 requires the court to include any pension and retirement plans in the marital estate. It does not require each pension to be divided between the parties . . . ."

The ultimate test for division of property is one of reasonableness. We have reviewed the record de novo and determine the trial court did not abuse its discretion in dividing the marital property as it did.

The judgment is affirmed. Petitioner is ordered to pay to respondent the sum of $500 to be applied to his attorney fees for services in this court.

AFFIRMED.