Nick ANTONACOPULOS, Appellant–Respondent,

v.

Rose Mary ANTONACOPULOS, Appellee–Petitioner.

No. 45A03–0101–CV–33.

Court of Appeals of Indiana.

Aug. 17, 2001.

James M. Kapitan, James E. Rice, Highland, IN, Attorneys for Appellant.

Andrew R. Tanzillo, Cameron L. Christoph, Hammond, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Respondent–Appellant Nick Antonacopulos (Nick) appeals the trial court's division of marital assets in the dissolution action involving Nick and Petitioner–Appellee Rose Mary Antonacopulos (Rose).

We reverse and remand.

Nick raises one issue for our review which we restate as: whether the trial court erred by including in the marital estate Nick's disability pension provided by his employer.

The parties were married on June 22, 1985, and a petition for dissolution was filed in January 1999. Upon dissolving the marriage, the trial court divided the marital assets of the parties, including Nick's employer-provided disability pension. It is from this division of assets that Nick now appeals.

As his only claim of error, Nick contends that the trial court erred by including in the parties' marital assets his disability pension. Specifically, Nick asserts that no marital assets were used to purchase his disability pension and that the disability pension payments were designed to compensate him for lost future income; therefore, he argues, the disability pension should not be included in the marital estate.

The division of marital assets rests within the sound discretion of the trial court. *Frazier v. Frazier,* 737 N.E.2d 1220, 1223 (Ind.Ct.App.2000). We will reverse the determination of a trial court only if that discretion is abused. We have stated that an abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Akers v. Akers,* 729 N.E.2d 1029, 1031 (Ind.Ct.App. 2000). We will not reweigh the evidence or assess the credibility of witnesses, and we consider only the evidence most favorable to the decision of the trial court. *Id.* Further, the party challenging the trial court's property division must overcome a strong presumption that the court complied with the statutory guidelines. *Frazier,* 737 N.E.2d at 1223. This presumption is one of the strongest presumptions on appeal. *Akers,* 729 N.E.2d at 1031.

We begin with a look at the definition of "property" with regard to dissolution actions. Ind.Code § 31–9–2–98 provides, in pertinent part:

(b) "Property" means all the assets of either party or both parties, including:

(1) a present right to withdraw pension or retirement benefits;

(2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment or that are vested (as defined in Section 411 of the Internal Revenue code) but that are payable after the dissolution of marriage; and

(3) the right to receive disposable retired or retainer pay (as defined in 10 U.S.C. 1408(a)) acquired during the marriage that is or may be payable after the dissolution of marriage.

In addition, three cases are pertinent to our discussion regarding Nick's pension benefits. In *Gnerlich v. Gnerlich*, 538 N.E.2d 285 (Ind.Ct.App.1989), *trans. denied,* husband made monthly contributions to an insurance company through a disability retirement plan offered through his employer. This Court determined that the disability benefits in *Gnerlich* were so substantially similar in nature to an ordinary retirement pension that they should be considered marital property subject to division.

Then in 1993, our supreme court decided *Leisure v. Leisure,* 605 N.E.2d 755 (Ind. 1993). Although *Leisure* is a workmen's compensation case, our supreme court included in their decision a discussion of *Gnerlich* and thereby implicitly limited our holding in *Gnerlich.* In *Leisure,* the court states that the benefits in *Gnerlich* were a marital asset subject to distribution because, in order to obtain the insurance policy coverage, the husband used marital assets to make the monthly payments, thus depriving the family of the use of those funds. The court further asserts that, based upon these factors, it was appropriate that the benefits paid under the husband's insurance policy be considered marital property. Contrary to the situation in *Gnerlich,* the husband in *Leisure* did not pay a monthly amount to provide for the benefits. The court held that worker's compensation benefits represent future income and are not a vested property interest subject to distribution as a marital asset.

Finally, this Court again had an opportunity to address the issue of disability pension benefits as a marital asset in *Jendreas v. Jendreas,* 664 N.E.2d 367 (Ind.Ct. App.1996), *trans. denied.* The facts are these. The husband's pension benefits were intended to compensate him for loss of future income. The record did not indicate that the husband made any contributions to, or used any marital assets to accumulate, the pension while he was employed. We held that the husband's disability pension is akin to the worker's compensation benefits described in *Leisure* rather than the pension benefits discussed in *Gnerlich.* Like the benefits in *Leisure,* we found the pension benefits in *Jendreas* to be characterized as compensation benefits for lost earning, in other words, future income. Based upon this determination, we concluded that the husband's pension benefits were separate property to be excluded from the property division.

■ Here, similar to the husband in *Jendreas,* Nick made no monthly payments (i.e., used no marital assets) toward his pension plan. Therefore, the family was not deprived of the use of any funds to establish or maintain the plan. A review of the record discloses that both Nick and Rose testified to this fact at the hearing. Moreover, as exhibited by a letter from Nick's previous employer, the pension Nick receives is a permanent incapacity (disability) pension that requires no contributions from the participants. Thus, Nick's pension payments can be characterized as payments intended to compensate him for lost future earnings. Based upon these factors, we conclude, as we did in *Jendreas,* that Nick's disability pension payments are similar to worker's compen-

sation benefits and should, therefore, be excluded from the marital assets and ensuing property division.

Additionally, we note, as did a panel of this Court in *Jendreas,* that other jurisdictions have determined that disability pensions compensate for lost future earnings, thus making them separate property rather than marital assets subject to distribution. *See e.g., Gragg v. Gragg,* 12 S.W.3d 412 (Tenn.2000)(disability benefits paid to husband under two private disability insurance policies operated as lost income, not marital property, even though $45,000.00 in premiums were paid with marital funds); *Fabich v. Fabich,* 144 N.H. 577, 744 A.2d 615 (1999); *Brewer v. Brewer,* 137 Wash.2d 756, 976 P.2d 102 (1999)(monthly disability payments under private disability insurance policy constitute separate property even though policy was acquired during marriage and premiums were paid from community funds); and, *In Re Marriage of Peterson,* 870 P.2d 630 (Colo.Ct.App.1994). *But see John v. John,* 1 Neb.App. 947, 511 N.W.2d 544 (1993)(husband's disability pension was properly included in marital estate where analogized to personal injury proceeds and husband was currently employed in different position).

Based upon the foregoing, we conclude that the trial court abused its discretion by finding Nick's disability pension to be a marital asset and including it in the division of the marital property.

Reversed and remanded with instructions to the trial court to determine the marital estate and division thereof with the exclusion of Nick's disability pension.

FRIEDLANDER, J., and BARNES, J., concur.