FILED

Nov 30 2017, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Laurie Baiden Bumb
Bumb & Vowels, LLP
Evansville, Indiana

Douglas K. Briody
Law Office of Doug Briody
Evansville, Indiana

ATTORNEY FOR APPELLEE

Erin Bauer
Barber & Bauer, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph H. Harrison, Jr., <br> *Appellant-Petitioner,* <br><br> v. <br><br> Terry Royal Harrison, <br> *Appellee-Respondent.* | November 30, 2017 <br><br> Court of Appeals Case No. <br> 82A01-1611-DR-2699 <br><br> Appeal from the Vanderburgh Superior Court <br><br> The Honorable Robert R. Aylsworth, Special Judge <br><br> Trial Court Cause No. <br> 82D06-1510-DR-1282 |

**Pyle, Judge.**

## Statement of the Case

[1] In this interlocutory appeal in a dissolution action, Joseph Harrison, Jr., ("Husband") appeals the trial court's order determining that Terry Royal

Harrison's ("Wife") interests in discretionary irrevocable family trusts were too speculative and remote to be included in the marital pot. Concluding that the trial court did not abuse its discretion, we affirm its judgment.

[2] We affirm.

# Issue

Whether the trial court abused its discretion when it excluded Wife's interests in discretionary irrevocable family trusts from the marital pot.

# Facts

[3] Husband and Wife were married in January 1985. During the course of the marriage, Wife's father, Charles R. Royal, Jr., ("Royal") established the following six irrevocable trusts:

1) The Royal Family Irrevocable Investment Trust, effective November 2003;

2) The Royal Irrevocable Insurance Trust, effective May 2005;

3) The Royal Irrevocable Insurance Trust II, effective November 2005;

4) The Charles R. Royal, Jr., 2012 Trust Agreement, effective November 2012;

5) The 2013 Royal Family Irrevocable Trust, effective November 2013;

6) The 2014 Royal Family Irrevocable Trust, effective August 2014.

(collectively, "Royal Family Trusts").

[4] The provisions of the Royal Family Trusts are nearly identical.[1] Specifically, Wife and her four sisters are co-trustees (individually, "Co-trustee") (collectively, "Co-trustees") of the trusts. They and their children are the trusts' beneficiaries. Pursuant to the provisions of the Royal Family Trusts, the Co-trustees may only make distributions of income or principal with a majority vote. Further, the Royal Family Trusts specifically state that the Co-trustees are not required to make any distribution. According to the trusts, "no beneficiary has an entitlement of any sort to receive any distribution . . . . Distributions are within the sole discretion of the Co-[t]rustees." (App. Vol. 2 at 24, 46, 68, 87, 105, 127). Additionally, if a majority of the Co-trustees choose to make a distribution to one of the beneficiaries, all of the beneficiaries must receive an equal distribution. In 2013, 2014, and 2015, the Co-trustees each took a $50,000 distribution.

[5] Further, upon the death of both of the Co-trustees' parents, the Co-trustees are to apportion and divide the trust property and set aside equal shares to the living Co-trustees. Co-trustees are then to determine by majority vote within sixty days whether to distribute the shares in full to each Co-trustee or her descendants. If the determination is made not to distribute the shares, they are

---

[1] The 2012 Trust Agreement contains a marital trust provision for the benefit of Wife's mother that is not present in the other Royal Family Trusts.

to be held in trust. If a Co-trustee dies before her parents, the remaining Co-trustees are to set aside her share for her collective descendants. The trust sets forth specific instructions for distributing it to descendants of the Co-trustees.

[6] In October 2015, Husband filed a petition for dissolution of marriage. In June 2016, he filed a petition for a determination that Wife's interests in the Royal Family Trusts constituted marital assets. In July 2016, Wife filed a counter-petition for dissolution of marriage. She also filed a response to Husband's determination petition, wherein she argued that the trusts should not be considered as part of the marital estate because they were subject to discretionary distributions by the trustees. According to Wife, the trusts were "too remote" to be considered marital assets and Wife did not presently possess a pecuniary value of which the Court might dispose. (App. Vol 3. at 4).

[7] At the September 2016 hearing on the petitions, Wife argued that she had no present interest in the Royal Family Trusts and had no control over distributions from the Trusts. Shortly after a hearing, the trial court issued the following order denying Husband's petition:

> 1) Upon review of the matters submitted to the court, including the Royal Family Trust documents themselves, the court believes that the [W]ife's position in this matter is correct as a matter of law in that the [W]ife's proportional interest in these discretionary trusts is in fact in the nature of an expectancy, embodies no enforceable rights accruing to her during the parties' marriage, and she has anticipated

but indefinite opportunities for the future acquisition of assets of income from the Royal Family trusts.

2) As such, the court believes the [W]ife's interest in the Royal Family trusts to be too remote and speculative for the inclusion of any trust assets as marital property and insertions into the marital pot for division by the court in this proceeding.

It is therefore ordered by the court that the [H]usband's request for inclusion as marital property in this proceeding of any property held by the co-trustees in the Royal Family trusts must be and is hereby denied. The court shall not deal with nor include any of the Royal Family trust property as marital property and shall not attempt to nor apportion any of that property between the parties to this proceeding.

(App. Vol. 2 at 10).

[8] Husband filed a motion to certify the order for interlocutory appeal. The trial court certified the order, and Husband sought this Court's permission to appeal. We granted the request and accepted Husband's interlocutory appeal.

# Decision

[9] Husband's sole argument is that the trial court abused its discretion when it excluded Wife's interests in the Royal Family Trusts from the marital pot. The division of marital assets, including a determination as to whether an asset is a marital asset, is within the trial court's discretion. *Antonacopulos v. Antonacopulos*, 753 N.E.2d 759, 760 (Ind. Ct. App. 2001). This Court will

reverse the determination of a trial court only if that discretion is abused. *Id.* We have previously explained that an abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* We will not reweigh the evidence or judge the credibility of witnesses, and we consider only the evidence most favorable to the decision of the trial court. *Id.* Further, the party challenging the trial court's property division must overcome a strong presumption that the court complied with the statutory guidelines. *Id.* This presumption is one of the strongest presumptions on appeal. *Id.*

[10]    It is well-settled that in a dissolution action, all marital property goes into the marital pot for division, whether it was owned by either spouse before the marriage, acquired by either spouse after the marriage and before the final separation of the parties, or acquired by their joint efforts. INDIANA CODE § 31-15-7-4(a); *Falatovics v. Falatovics*, 15 N.E.3d 108, 110 (Ind. Ct. App. 2014). For purposes of dissolution, property means "all the assets of either party or both parties." I.C. § 31-9-2-98. "The requirement that all marital assets be placed in the marital pot is meant to insure that the trial court first determines that value before endeavoring to divide property." *Montgomery v. Faust*, 910 N.E.2d 234, 238 (Ind. Ct. App. 2009). "Indiana's 'one pot' theory prohibits the exclusion of any asset in which a party has a vested interest from the scope of the trial court's power to divide and award." *Wanner v. Hutchcroft*, 888 N.E.2d 260, 263 (Ind. Ct. App. 2008). While the trial court may decide to award a particular asset solely to one spouse as part of its just and reasonable property division, it

must first include the asset in its consideration of the marital estate to be divided. *Hill v. Hill*, 863 N.E.2d 456, 460 (Ind. Ct. App. 2007). The systematic exclusion of any marital asset from the marital pot is erroneous. *Wilson v. Wilson*, 409 N.E.2d 1169, 1173 (Ind. Ct. App. 1980).

[11] Despite this broad definition of property for the purposes of the dissolution statutes, some property interests are still considered too remote to be assets capable of division. *Fiste v. Fiste*, 627 N.E.2d 1368, 1372 (Ind. Ct. App. 1994), *disapproved of on other grounds by Moyars v. Moyars*, 717 N.E.2d 976, 979 n.2 (Ind. Ct. App. 1999). For example, in *Loeb v. Loeb*, 261 Ind. 193, 301 N.E.2d 349 (1973), a case of first impression, the Indiana Supreme Court considered whether the husband's vested remainder subject to a condition subsequent in a trust created by his mother should have been included in the marital estate. In holding that it should not have been included, the supreme court noted that the central question was whether the husband's future interest was so remote that it should not have been included in the marital pot. *Id.* at 353. Noting that the husband's interest was subject to a complete defeasance because if he predeceased his mother, he would take nothing under the trust, the Indiana Supreme Court held that the husband was "not presently possessed of any pecuniary value which could have been before the court for disposition." *Id.* Accordingly, the supreme court affirmed the trial court's exclusion of the husband's remote interest in the trust from the marital pot. *Id. See also Fiste*, 627 N.E.2d at 1371-72 (holding that where husband's grandfather had devised real estate first to his wife for life, then to their daughter (husband's mother) for life,

and then to her child or children in fee, husband's remainder interest in the real estate was too remote to be considered marital property, as it was subject to a complete defeasance if he predeceased his mother).

[12] Here, as in *Loeb* and *Fiste*, Wife's interests in the Royal Family Trusts are subject to a complete defeasance because if she should predecease her parents, she would take nothing from the trusts. In addition, during her lifetime, Wife will receive nothing unless a majority of the co-trustees elect to make a disbursement. The Royal Family Trusts do not require them to do so. As in *Loeb* and *Fiste*, Wife's interests in the Royal Family Trusts are too remote. Wife is "not presently possessed of any pecuniary value which could have been before the court for disposition." *See Loeb*, 301 N.E.2d at 353.[2] Accordingly,

---

[2] We disagree with Husband's argument that *Loeb* is no longer good law because it was overruled by INDIANA CODE § 31-1-11.5-2, which was enacted in 1985 and defines marital property as "all the assets of either party or both parties." As Wife points out, this Court recognized this statutory change in *Fiste*, 627 N.E.2d at 1372. After acknowledging the change, we applied *Loeb* to the facts of the case before us and determined that Roger Fiste's remainder interest in real estate was too remote to constitute marital property. *Id.* This Court also discussed and analyzed *Loeb* in *Falatovics*, 15 N.E.3d at 110-11 and in *England v. England*, 865 N.E.2d 644, 649 (Ind. Ct. App. 2007), *trans. denied*. *Loeb* is still good law.

We further note that Husband's reliance on *Moyars*, 717 N.E.2d at 976, is misplaced. There, during David Moyars ("David") and Mechelle Moyar's ("Mechelle") marriage, David and his siblings inherited real estate as tenants in common subject to a life estate in David's mother. Mechelle later filed for divorce. In valuing the marital estate, the trial court excluded David's remainder interest in the inherited property. Mechelle appealed. We concluded as follows:

> David's interest is not too remote to be included in the property settlement award. David owns a remainder interest as a tenant in common with his two siblings, subject to a life estate in his mother. David's interest became vested at his father's death. Although David has no legal present possessory interest in the land, we note that he and Mechelle have in fact enjoyed the possession of a portion [of] the land for many years now. Further, unlike in *Loeb v. Loeb,* 261 Ind. 193, 301 N.E.2d 349 (1973), David's interest in the real property does represent a present pecuniary interest; David could sell or mortgage his interest if he chose to. Remainder interests, like fee simple interests, are capable of valuation.... David's interest in the property is a valuable asset. Thus, we hold that David's vested remainder in the real estate was not too remote to be included in the property division.

the trial court did not abuse its discretion by excluding Wife's interests in the Royal Family Trusts from the marital pot.

Affirmed.


Barnes, J., and Brown, J., concur.

---

*Id.* at 979. Here, however, Wife does not have possession of her interests in the Royal Family Trusts, and they do not represent a present pecuniary interest because she has nothing to sell. Further, her interests are not capable of valuation.

Lastly, we also disagree with Husband's contention that Wife's receipt of Royal Family Trust distributions in the past supports his argument that the trusts should be included in the marital pot. Instead, we find instructive the Supreme Court of Colorado's determination that the "fact that some income has been distributed to the wife, at the sole discretion of the [co-]trustees, [does not] change the nature of the underlying trust." *In re Marriage of Jones,* 812 P.2d 1152, 1156 (Colo. 1991). Wife is correct that her interests in the Royal Family Trusts "remain subject to the pure discretion of the Co-Trustees regardless of past distributions. Her receipt of distributions in previous years does not guarantee future distributions." (Wife's Br. 13).